IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH BELL,**<br>　　　　　　　**Plaintiff,**<br><br>　　　v.<br><br>**K. SORBER, Superintendent of SCI-Phoenix,**<br>**J.P. LUTHER, Superintendent of SCI-Smithfield, and**<br>**COMMONWEALTH OF PENNSYLVANIA,**<br>　　　　　　　**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 23-825** |

## MEMORANDUM

**HODGE, J.**                                                                                           **MARCH 10, 2023**

      Plaintiff Joseph Bell, a prisoner currently incarcerated at SCI Laurel Highlands, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations that he was detained beyond the expiration date of his sentence at SCI Phoenix and SCI Smithfield. Bell seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Bell leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Bell filing an amended complaint.

**I.**  **FACTUAL ALLEGATIONS**

      Bell's Complaint names three Defendants: (1) the Commonwealth of Pennsylvania; (2) K. Sorber; and (3) J.P. Luther. (Compl. at 1-3.) Defendants Sorber and Luther, the Superintendent of SCI Phoenix and the Superintendent of SCI Smithfield respectively during the relevant time period, were named in both their individual and official capacities. (*Id.* at 2.)

      As the factual basis for his claims, Bell alleges that he was sentenced to a "two year flat sentence" from which he should have been released on August 16, 2020 according to four "status

sheets produced by the DOC."[1]  (*Id.* at 5.)  He claims, however, that he was not released from that sentence until May 2021, resulting in nine months of over-incarceration and "lost time credit."  (*Id.*)  Bell apparently attempted to grieve this issue while incarcerated at SCI Smithfield but was informed that "time calculation is not grievable," and was further informed by non-defendants Counselor Warrant and Unit Manager Morningstar, staff at SCI Smithfield, that it was "not [their] job to do time calculations."  (*Id.* at 8.)

Bell contends that "[e]ach Superintendent as well as the Commonwealth was aware of [his] max out date" and, accordingly, violated his constitutional rights by "not allowing [him] to leave."  (*Id.* at 5.)  He requests $1.5 million in damages to compensate him for his over-detention and the related mental and emotional distress he experienced.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Bell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1] This sentence appears to correlate with a two-year sentence that Bell received in 2018 after he pled guilty to several criminal charges filed against him in numerous criminal proceedings in Bucks County.  *See Commonwealth v. Bell*, CP-09-CR-0002103-2018 (C.P. Bucks).  It appears Bell is currently incarcerated in connection with a different sentence and that his current incarceration is not at issue here.  *See Commonwealth v. Bell*, CP-09-CR-0002593-2021 (C.P. Bucks).

[2] However, Bell will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Bell is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Bell raises constitutional claims pursuant to § 1983 based on his alleged nine-month over-detention. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the Complaint fails to state a claim as pled.

#### A. Claims Against the Commonwealth and Official Capacity Claims

States are not considered "persons" who may be liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity for claims under § 1983. *See* 42 Pa. Cons. Stat. § 8521(b). These principles similarly preclude damages claims against Commonwealth employees in their official capacities, because such claims are treated as claims against the Commonwealth. *See Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 944, 948

(3d Cir. 2019) (*per curiam*) ("The District Court properly concluded that Kokinda's claimed violations of §§ 1983, . . . against the DOC and the individual prison staff members sued in their official capacities are barred by the Eleventh Amendment."); *Collins v. Sload*, 212 F. App'x 136, 140 n.5 (3d Cir. 2007) (*per curiam*) ("We also agree with the District Court that Eleventh Amendment immunity provided the defendants a similar shield against the claims for damages against them in their official capacities under §§ 1983, 1985, & 1986."); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (internal quotations omitted)). Accordingly, Bell's claims against the Commonwealth and his claims against Sorber and Luther in their official capacities must be dismissed because those claims are not plausible.

### B. Individual Capacity Claims Against Sorber and Luther

"An inmate's detention after his term of imprisonment can, under certain circumstances, constitute cruel and unusual punishment, in violation of the Eighth Amendment." *Wharton v. Danberg*, 854 F.3d 234, 241 (3d Cir. 2017); *see also Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993) ("Subjecting a prisoner to detention beyond the termination of his sentence has been held to violate the eighth amendment's proscription against cruel and usual punishment."). To state a claim for over-incarceration without penological justification, a prisoner must establish that:

> (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention.

*Montanez v. Thompson*, 603 F.3d 243, 252 (3d Cir. 2010). "'Among the circumstances relevant to a determination of whether the requisite attitude was present are the scope of the official's duties and the role he or she has played in the everyday life of the prison.'" *Wharton*, 854 F.3d at 242 (quoting *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989)). "An official is less likely to display deliberate indifference if 'there are procedures in place calling for others to pursue the matter' and more likely to be deliberately indifferent if given his or her role, a problem 'will not likely be resolved unless he or she addresses it or refers it to others[.]'" *Id.* (quoting *Sample*, 885 F.2d at 1110). However, the Eighth Amendment does not require the elimination of all risk of error in this context. *Id.* at 241.

Furthermore, to be liable in a civil rights action "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Suits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton*, 854 F.3d at 243. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

The Complaint does not include sufficient factual allegations to state a plausible claim for deliberate indifference against Sorber and Luther.  Bell generally alleges that each Superintendent was "aware" of his "max out date," but he does not provide any details in support of that allegation from which deliberate indifference could be inferred.  For instance, it is unclear how these Defendants became aware of Bell's maximum date, or whether Bell is inferring awareness from their high-level positions, and what, if anything, these Defendants did to address the issue of Bell's alleged over-detention once they allegedly became aware of it.  Nor does Bell allege that either of these Defendants were responsible for maintaining a policy or practice that caused his over-detention, directed subordinates to violate his rights, or knowingly acquiesced to unconstitutional conduct.  Accordingly, the Complaint does not state a constitutional claim against Sorber and Luther as pled.[3]  *See generally Iqbal,* 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *Bosold v. Warden, SCI-Somerset*, Civ. A. No. 11-4292, 2011 WL 6812902, at *7 (E.D. Pa. Dec.

---

[3] Bell brings his claims under the Eighth and Fourteenth Amendments. (Compl. at 3.) However, in cases involving convicted and sentenced inmates such as Bell, the United States Court of Appeals for the Third Circuit "has always analyzed over-detention claims under the Eighth Amendment." *Wharton*, 854 F.3d at 247.  Accordingly, under Third Circuit precedent and the "more-specific-provision rule," the Eighth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs Bell's claims.  *See generally id.* at 246-47; *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause as a catch all).  In any event, even assuming the Fourteenth Amendment applies in this context, Bell has failed to plead the requisite basis for each Defendant's involvement in the claimed constitutional violation, whether on a personal or supervisory basis, for the reasons discussed.

28, 2011) (dismissing over-detention claim where pleading failed to allege the scope of each Defendant's role "in the life of the prison" and, therefore, failed to demonstrate a "causal connection between each Defendant's failure to act and Plaintiff's continued unjustified detention").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Bell's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Bell will be given an opportunity to file an amended complaint in the event he can plead additional facts about the events and circumstances underlying his over-detention to state a basis for a plausible claim.  An appropriate Order follows, which provides further instructions in the event Bell seeks to amend his claims.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**